| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:12-CV-154-PRC |
| | ) |
| $353,443.00 in U.S. Currency, et al., | ) |
| Defendants, | ) |
| | ) |
| SHAFT JONES and LATONIA JONES, | ) |
| Claimants. | ) |

## OPINION AND ORDER

This matter is before the Court on a document titled Judicial Notice of Adjudicative Facts [DE 51], filed on April 27, 2016, by Claimant Shaft Jones and a Motion for Joinder of Parties [DE 71], filed June 29, 2016, by non-party Shaft Entertainment Inc. (SEI). Claimants Shaft Jones and Latonia Jones are both proceeding pro se. No response to the "Judicial Notice of Adjudicative Facts" was filed, and the time to do so has passed. The Government filed a response to the Motion for Joinder of Parties on July 8, 2016. No reply was filed, and the deadline to do so has passed.

## ANALYSIS

### A. "Judicial Notice of Adjudicative Facts"

In the document titled "Judicial Notice of Adjudicative Facts," Shaft Jones requests that the Court change his "complaint" to read "Shaft Jones and Latonia Jones" every instance where it currently reads "Shaft Jones." The document appears to be a motion to allow Latonia Jones to join in Shaft Jones's answer. Such a motion, however, must be made by Latonia Jones. Shaft Jones is not counsel for Latonia Jones and has no authority to make requests on her behalf. Therefore, the motion contained within the "Judicial Notice of Adjudicative Facts" is denied.

### B. Motion for Joinder of Parties

In the Motion for Joinder of Parties, nonparty SEI asks to be added to this cause of action as a claimant. A motion for joinder filed by a nonparty is more properly a motion for intervention under Federal Rule of Civil Procedure 24. *See City of Rockford v. Sec'y of HUD*, 69 F.R.D. 363, 366 (N.D. Ill. 1975).

"Rule 24 provides two avenues for intervention, either of which must be pursued by a timely motion." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 797 (7th Cir. 2013) (citing *Heartwood, Inc. v. U.S. Forest Serv.*, 316 F.3d 694, 701 (7th Cir.2003)). Courts evaluate the timeliness of a motion according to four factors: "(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; (4) any other unusual circumstances." *Id.* at 797-98 (quoting *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir.2000)).

The Government represents that it mailed the Complaint, Warrant, and Direct Notice to SEI in April of 2012. Further, Shaft Jones signed the instant motion as President and C.E.O. of SEI, and Shaft Jones filed his own Claim in this litigation in 2012. SEI should have known about its interest in this case beginning in 2012. The fact that four years elapsed before SEI filed a motion to join this litigation weighs heavily against permitting SEI to intervene.

Allowing intervention would prejudice the existing parties. Discovery had concluded and all parties had filed summary judgment motions before SEI filed its motion to intervene. This case has been pending for more than four years, though much of that time passed while this matter was stayed pending resolution of a related criminal case. This factor also weighs against permitting intervention.

The Court now considers prejudice to SEI. SEI's motion states that it "must be joined in this case as a claimant to protect its interests." Mot. Joinder, 1, ECF No. 71. SEI asserts that "it was possible that Jones could account for from where the property derived," but SEI falls short of asserting that the property at issue in this forfeiture action belongs to SEI. *Id.* at 2. Further, the deadline for SEI to file a claim is governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. SEI had thirty-five days after April 24, 2012, to file its verified claim, and that time has long since expired. Because SEI has not made a direct assertion that it has an ownership interest in the property at issue and because any claim SEI could assert is likely time-barred, denial of intervention would not result in any significant prejudice to SEI.

Finally, the Court is not aware of any other unusual circumstances that would lead the Court to find that the request to intervene is timely.

The Court finds that the Motion for Joinder of Parties, which is construed as a motion to intervene, is untimely. Accordingly, the Court denies the motion.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the motion contained within the document titled Judicial Notice of Adjudicative Facts [DE 51] and the Motion for Joinder of Parties [DE 71].

SO ORDERED this 22nd day of December, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     Claimant Shaft Jones, pro se
        Claimant Latonia Jones, pro se

3