# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:12-CV-154-PRC |
| | ) |
| $353,443.00 in U.S. Currency, | ) |
| $315,221.00 in U.S. Currency, | ) |
| $6,059.00 in U.S. Currency, | ) |
| $184,766.60 in funds seized from | ) |
| account # *****7281 at Wells Fargo Bank, N.A., | ) |
| $25,432.58 in funds seized from | ) |
| account # *****6328 at Wells Fargo Bank, N.A., | ) |
| $9,652.51 in funds seized from | ) |
| account # *****8048 at Wells Fargo Bank, N.A., | ) |
| $1,696.16 in funds seized from | ) |
| account # *****8762 at Wells Fargo Bank, N.A., | ) |
| and 2008 CADILLAC ESCALADE | ) |
| VIN # 1GYFK66848R211062, | ) |
| Defendants, | ) |
| | ) |
| SHAFT JONES and LATONIA JONES, | ) |
| Claimants. | ) |

## OPINION AND ORDER

This matter is before the Court on a Defendant [sic] Jones Motion to Dismiss or Strike, and

for Summary Judgment [DE 49], filed on April 27, 2016, by Claimant Shaft Jones; a Defendant [sic]

Jones Motion to Dismiss or Strike, and for Summary Judgment [DE 53], filed on May 4, 2016, by

Claimant Latonia Jones; and a Motion for Summary Judgment [DE 59], filed on June 20, 2016, by

Plaintiff the United States of America. Claimants Shaft Jones and Latonia Jones are both proceeding

pro se.

## PROCEDURAL HISTORY

On April 20, 2012, the United States of America filed a Verified Complaint in Rem against the defendant property. On June 5, 2012, Shaft Jones filed an Answer to Complaint in Rem.

On July 10, 2012, this litigation was stayed until the completion of the Government's related criminal case against Shaft Jones (Northern District of Indiana cause number 1:11-cr-78).

On January 20, 2015, Latonia Jones filed an Answer to Verified Complaint in Rem.

On November 4, 2015, the Court lifted the stay of this litigation.

On April 27, 2016, Shaft Jones filed a Defendant Jones Motion to Dismiss or Strike, and for Summary Judgment and filed a memorandum in support. On May 4, 2016, Latonia Jones filed a Defendant Jones Motion to Dismiss or Strike, and for Summary Judgment and filed a memorandum in support. On June 20, 2016, the Government filed a consolidated response to both of these motions. On June 29, 2016, Shaft Jones filed a supplement to his motion.[1] On July 11, 2016, Shaft Jones filed a document that the Court, in an Order dated August 24, 2016, construed as Shaft Jones's omnibus reply in support of his summary judgment motion and response to the Government's motion identified below. Latonia Jones did not file a reply in support of her motion, and the time in which to do so has expired.

Because Claimants asserted in their Motions for Summary Judgment that they had not received "proofread" copies of the Complaint, the Court, on August 24, 2016, directed the Clerk of Court to send each Claimant a copy of the Complaint.

On June 20, 2016, the Government filed a Motion for Summary Judgment. On July 11, 2016, Shaft Jones filed a document, which the Court, in an Order dated August 24, 2016, construed as Shaft Jones's omnibus response to the Government's motion and reply to his own motion as

---

[1]Though the supplement purports to be brought by both Claimants, the document is signed only by Mr. Jones and not by Ms. Jones.

identified above. The Government filed a reply in support of its summary judgment motion on September 13, 2016.

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## MATERIAL FACTS[2]

On December 7, 2011, Mr. Jones was arrested following his attempt to purchase 15 kilograms of cocaine from a confidential source working with the Drug Enforcement Administration (DEA). Mr. Jones was charged with and ultimately convicted of conspiracy to possess with intent to distribute cocaine, attempt to possess with intent to distribute cocaine, and carrying a firearm during and in relation to a drug trafficking crime.

Mr. Jones drove to the location where the drug purchase was to take place in the defendant 2008 Cadillac Escalade (VIN # 1GYFK66848R211062). A search of the Escalade revealed $353,443.00 in U.S. currency, a firearm, ammunition, and firearm accessories. A pat-down search of Mr. Jones at the time of his arrest revealed a loaded handgun and additional ammunition for the handgun. The U.S. currency and vehicle were seized and are defendants in the instant litigation.

A search of Mr. Jones's residence revealed additional items, including $315,221.00 in U.S. Currency, $6,059.00 in U.S. Currency, firearms, ammunition, stun guns, night vision device headgear, digital scales, and a money counter. The two amounts of U.S. currency have been seized and are defendants in the instant litigation.

---

[2]The Court takes judicial notice of the criminal case docket in *United States v. Jones*, 1:11-cr-78 (N.D. Ind.). *See* Fed. R. Evid. 201.

On December 11, 2011, pursuant to a federal seizure warrant, the DEA seized the defendant bank account funds at Wells Fargo Bank, and these funds are defendants in the instant litigation.

Mr. Jones stated to a confidential source working with the FBI that he had previously purchased 90 kilograms of cocaine and that he had been selling cocaine for a long time.

Shaft Entertainment, Inc. was incorporated on April 14, 2010. Claimants contend that Mr. Jones earned the defendant currency and funds through Shaft Entertainment, Inc.

Shaft Entertainment, Inc. did not file any federal tax returns for tax periods ending March 31, 2006, through December 31, 2010

Mr. Jones filed tax returns for 2006 through 2011 reporting the following adjusted gross income:

    2006: $9,666
    2007: $15,668
    2008: $11,500
    2009: $12,989
    2010: $14,868
    2011: $14,900.

Total adjusted gross income for 2006 to 2011 is $79,591. None of the income is reported as from Shaft Entertainment, Inc.

In December 2011 and January 2012, the DEA began administrative forfeiture proceedings against the defendant property.

On January 23, 2012, the DEA received Mr. Jones's claim to the defendant property. In an attached Affidavit, Mr. Jones declares that he is the owner of the defendant property. The claim is stamped as received by the Asset Forfeiture Section on January 25, 2012.

In a letter to the DEA's Asset Forfeiture Section dated September 10, 2014, Ms. Jones asks that the defendant property be returned to her.

The Indictment against Mr. Jones in the criminal case included forfeiture allegations for the three sums of seized U.S. Currency. The issue of forfeiture with respect to the $353,443.00 and $315,221.00 was submitted to the jury. The jury convicted Mr. Jones on all counts and returned a special forfeiture verdict.

On November 9, 2015, as a part of Mr. Jones's sentence in the criminal case, the court ordered the forfeiture of the $353,443.00 in U.S. Currency and the $315,221.00 in U.S. Currency that are defendants in the instant litigation. In determining Mr. Jones's guideline sentence, the court found by a preponderance of the evidence that the $353,443.00, $315,221.00, and all defendant bank account funds were proceeds from Jones's drug trafficking.

Both Claimants, in verified statements, state that the seized money belongs to Mr. Jones and was earned through Shaft Entertainment Inc.

Mr. Jones, in a verified statement, states that none of the defendant property is proceeds from illegal activity.

## ANALYSIS

### A. Preliminary Matters

The Government states that Defendants $353,443.00 in U.S. Currency and $315,221.00 in U.S. Currency should be dismissed because they were forfeited in the related criminal case. Due to the forfeiture in the criminal case, the Government's relief requested as to these Defendants in the Complaint in the instant litigation, that is, forfeiture of the defendant property, has already been achieved for these two Defendants. Defendants $353,443.00 in U.S. Currency and $315,221.00 in U.S. Currency are dismissed from this case.

Claimants, litigating pro se, have each filed a motion titled "Defendant Jones Motion to Dismiss or Strike, and for Summary Judgment." The motions do not identify any matter that is sought to be stricken. Despite their titles, the motions are not motions to strike.

In their motions and briefs, Claimants attempt to collaterally attack Mr. Jones's criminal conviction. However, a claimant cannot collaterally attack his or her conviction in a forfeiture action. *U.S. v. One Altered Colt AR-15 Rifle*, 1986 WL 4431, at *3 (N.D. Ill. Apr. 10, 1986); *see also Milwaukee Women's Med. Servs., Inc. v. Brock*, 2 F. Supp. 2d 1172, 1177 (E.D. Wis. 1998) ("[I]t is clear that judgments and decisions in criminal proceedings can be used as a basis for res judicata or collateral estoppel in subsequent civil proceedings").

Claimants also assert that there is no subject matter jurisdiction, that the Government lacks standing, and that the Government cannot prove its case. Though Claimants request relief under Federal Rules of Civil Procedure 12 and 56, Claimants state that they are entitled to judgment as a matter of law, include declarations sworn under penalty of perjury with their memoranda, and Mr. Jones's reply has a piece of evidence attached. Thus, it appears that the motions, though inartfully drafted, are motions for summary judgment. The Court construes the motions as requesting summary judgment under Rule 56 and will address these requests under the summary judgment analysis below. The Government opposed Claimants' motions under both a Rule 12 and a Rule 56 analysis, so it will not be prejudiced by the Court's characterization of the motions as motions for summary judgment.

The Government, in its reply brief in support of its motion, contends that the letter Mr. Jones attached as evidence to his response is inadmissible hearsay. Because the Government has not filed

a motion to strike the evidence, the matter is not properly before the Court. The Court takes no action on this issue.

## B. Summary Judgment Standard

The Federal Rules of Civil Procedure require that a motion for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Summary judgment is appropriate when no material fact is disputed and the moving parties are entitled to judgment as a matter of law, meaning that no reasonable jury could find for the other party based on the evidence in the record." *Carman v. Tinkes*, 762 F.3d 565, 566 (7th Cir. 2014).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56 (a), (c). The moving party may discharge its initial responsibility by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325; *see also Spierer v. Rossman*, 798 F.3d 502, 508 (7th Cir. 2015). When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials

negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Spierer*, 798 F.3d at 507-08; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168-69 (7th Cir. 2013).

"Once the moving party puts forth evidence showing the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(c)(1), (e); *Flint v. City of Belvidere*, 791 F.3d 764, 769 (7th Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e) (1986)). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 248-50.

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *McDowell v. Vill. of Lansing*, 763 F.3d 762, 764, 765 (7th Cir. 2014); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

**C. Summary Judgment Analysis**

In a civil asset forfeiture case, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that property is subject to forfeiture." *U.S. v. Funds in Amount of Thirty Thousand Six Hundred Seventy Dollars*, 403 F.3d 448, 454 (7th Cir. 2005). Claimants cite to the "probable cause" standard that was in effect prior to the Civil Asset Forfeiture Reform Act of 2000, but that standard has been replaced by the preponderance of the evidence standard. *See id.* Claimants argue that there is no subject matter jurisdiction or standing for the instant litigation and that the Government cannot meet its burden of proof and has no evidence and, therefore, Claimants are entitled to summary judgment. The Government disagrees and contends that it is entitled to summary judgment. As discussed below, Claimants are incorrect and the Government is entitled to summary judgment.

1.      *Subject Matter Jurisdiction and Standing*

Claimants contend that there is no subject matter jurisdiction. This Court has subject matter jurisdiction over "all civil actions . . . commenced by the United States." 28 U.S.C. § 1345. Mr. Jones asserts in his supplement that jurisdiction must be established under 28 U.S.C. § 1236, but there is no statute at that code section. This civil action was commenced by the United States. Therefore, the Court has subject matter jurisdiction over this litigation.

Claimants also assert that there is no subject matter jurisdiction because the Complaint was not timely filed. In a civil asset forfeiture case, a complaint must be filed no later than ninety days after a claim for the property at issue is filed. 18 U.S.C.(a)(3)(A). The Declaration of Lawrence A. D'Orazio, however, states that Mr. Jones's claim was received by the DEA on January 23, 2012. The claim is stamped as received by the Asset Forfeiture Section on January 25, 2012. As the docket in

9

the instant litigation shows, the Complaint was filed on April 20, 2012, which is less than ninety

days from January 23, 2012. Claimants argue that the Complaint was filed on September 10, 2014,

but this assertion is contradicted by the docket. The evidence shows that the Complaint was timely

filed. Claimants' request for relief on this basis is denied. The Court makes no finding as to whether

the late filing of a forfeiture complaint would deprive the Court of subject matter jurisdiction.

Claimants contend that notice in the instant litigation is deficient due to the Government's

failure to provide specific statutory provisions in the Indictment in the criminal case against Mr.

Jones. Even assuming that such a failure in the criminal case would constitute deficient notice in the

instant matter, the argument fails because the Indictment provided the specific statutory provisions

the forfeiture allegations were brought under—21 U.S.C. §§ 853, 924(d), and 2461(c).

Claimants also assert that the Government has no standing to bring its claims. Federal statute

provides for the filing of civil forfeiture actions by the Government. *See* 18 U.S.C. § 983(a)(3)(A).

The Government has standing to bring this litigation.

2.      *2008 Cadillac Escalade*

The Government alleges that the Defendant 2008 Cadillac Escalade is forfeitable pursuant

to 21 U.S.C. § 881(a)(4) because it was used to facilitate the purchase of cocaine. Section 881

subjects to forfeiture "[a]ll conveyances, including aircraft, vehicles, or vessels, which are used, or

are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt,

possession, or concealment of [controlled substances]." 21 U.S.C. § 881(a)(4). "[I]f the

Government's theory of forfeiture is that the property was used to commit or facilitate the

commission of a criminal offense, or was involved in the commission of a criminal offense, the

Government shall establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3).

The Government presents evidence that Mr. Jones drove to the attempted drug transaction that was the subject of the related criminal case in the Escalade. A search of the Escalade revealed $353,443.00, a firearm, ammunition, and other firearm accessories. The Government argues that transportation of Mr. Jones, the currency intended to purchase the cocaine, and his personal protection—in the form of firearms—is enough to satisfy the "substantial connection" test between the Escalade and the intended drug offense.

Courts in other circuits have determined that, under the substantial connection test, a vehicle used only for transport to the site of an illegal transaction is sufficient to render the vehicle forfeitable. *U.S. v. One 1984 Cadillac*, 888 F.2d 1133, 1137-38 (6th Cir. 1989) (collecting cases from the Former Fifth and Eleventh Circuit Courts of Appeals); *cf. U.S. v. Gaskin*, 364 F.3d 438, 459 (2d Cir. 2004) (finding that the vehicle driven to a meeting where the driver intended to take delivery of marijuana was forfeitable under § 881(a)); *U.S. v. One 1965 Chevrolet Impala Convertible*, No. 3:09CV2965, 2012 WL 3579957 at *6 (N.D. Ohio Aug. 17, 2012) (holding that the vehicle used to transport the dealer to a site where a transaction to consummate a drug deal at a later time was facilitated formed a sufficient nexus to validate § 881 forfeiture).

Claimants' Memoranda do not specifically address the 2008 Cadillac Escalade. Instead, the Memoranda focus on the "currency," which the Court construes as referring to both the defendant currency amounts and the defendant funds seized from bank accounts. Claimants make no statements in their Memoranda, verified by their Affidavits, that provide evidence to refute the Government's evidence that the Escalade was used in furtherance of a criminal activity. Claimants

11

also do not argue that the Government has not shown a substantial connection between the Escalade and the drug transaction.

In Mr. Jones's Supplement, he states that "none of the monies and property are proceeds from the sell [sic] of illegal drugs, nor from illegal activities." (Suppl. ¶ 7D., ECF No. 72). This statement is covered by the affidavit included at the end of the supplement and is therefore evidence. However, this statement does not refute the Government's evidence that the Escalade was intended for use in facilitation of the receipt, transportation, and possession of cocaine.

The Court finds that the use of the Escalade to transport Mr. Jones, enough currency to purchase the cocaine, and protective weaponry to the site of the intended drug transaction which formed the basis for his criminal convictions provides a substantial connection between the Escalade and the drug offense. The Escalade was intended to facilitate the drug transaction. Because the Escalade is forfeitable due to intended facilitation, whether the Escalade is also a proceed from illegal activity is immaterial. There is no genuine issue of material fact and the Government is entitled to judgment as a matter of law regarding the 2008 Cadillac Escalade.

3.     *Bank Account Funds and $6,059 in U.S. Currency*

The Government alleges that the defendant $6,059.00 in U.S. currency and the defendant bank account funds are forfeitable pursuant to 21 U.S.C. 881(a)(6). This section subjects to forfeiture

> [a]ll moneys, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all monies, negotiable instruments, securities or other things of value used or intended to be used to facilitate any violation [of the Controlled Substances Act].

21 U.S.C. 881(a)(6).

The Court looks at the totality of the circumstances in determining whether the Government

has met its burden of proof. *U.S. v. Funds in Amount of One Hundred Thousand One Hundred and*

*Twenty Dollars*, 730 F.3d 711, 716 n.5 (7th Cir. 2013).

The Government presents the following evidence. Mr. Jones was convicted of a drug

conspiracy. Mr. Jones stated to a then-confidential source working with the FBI that Jones had

previously purchased 90 kilograms of cocaine and that he had been selling cocaine for a long time.

In an order issued during the sentencing phase in the related criminal case, the court found by a

preponderance of the evidence that the bank account funds and the two dismissed amounts of U.S.

currency were connected to drug-related conduct.[3] That court made no finding as to the $6,059.00

in U.S. currency. The total funds seized, including the two dismissed amounts of U.S. currency,

equal $896,270.85. Mr. Jones's adjusted gross income reported to the IRS for 2006-2011 is $79,591.

A court may draw inferences on the basis of substantial and documented differences between

a claimant's income as reported in tax and court documents and a claimant's unsubstantiated claims

of other sources of income. *Funds in Amount of Thirty Thousand Six Hundred Seventy Dollars*, 403

F.3d at 466 (quoting *U.S. v. $174,206.00 in U.S. Currency*, 320 F.3d 658, 662 (6th Cir. 2003)

("[E]vidence of legitimate income that is insufficient to explain the large amount of property seized,

unrebutted by any evidence pointing to any other source of legitimate income or any evidence

indicating innocent ownership, satisfies the burden imposed by [§ 881(a)(6)].").

---

[3]Even if the Court had been asked to give preclusive effect to these findings, doing so would be inappropriate. *See Indiana ex rel. Zoeller v. Pastrick*, 696 F. Supp. 2d 970, 987-88 (N.D. Ind. 2010) (collecting cases holding that finding of fact at the criminal sentencing stage do not have preclusive effect in civil actions). This is because "the procedural rules for criminal sentencing proceedings are significantly different than those for a civil action." *Id.* at 988 n. 10 (citing *Kosinski v. C.I.R.*, 541 F.3d 671, 677 (6th Cir. 2008)).

Claimants state in their memoranda that the defendant money is "hard-earned legitimate U.S. currency [that Mr. Jones] owned through SEI,"[4] and Mr. Jones states in his supplement that none of the defendant property is the proceeds of illegal activity. In Mr. Jones's affidavit filed as an attachment to his supplement, Mr. Jones swears under penalty of perjury that he has personal knowledge of all of the facts stated in the Motion for Summary Judgment, which the Court construes as also including the supplement to the Motion for Summary Judgment.

"[A] self-serving affidavit supported by facts in the record could defeat summary judgment." *Buie v. Quad/Graphics, Inc.*, 366 F3d 496, 504 (7th Cir. 2004) (citing *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003)). The affidavit itself can be the part of the record that supplies the facts that support the affidavit, "provided that the affidavit meets the usual requirements for evidence on summary judgment—including the requirements that it be based on personal knowledge and that it set forth specific facts showing that there was a genuine issue for trial." *Id.* (internal quotation marks and citation omitted).

"A 'sham affidavit' is an affidavit that is inadmissible because it contradicts the affiant's previous testimony . . . unless the earlier testimony was ambiguous, confusing, or the result of a memory lapse." *Cook v. O'Neill*, 803 F.3d 296, 298 (7th Cir. 2015) (citing *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 759 (7th Cir. 2006); *Bank of Illinois v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1168-71 (7th Cir. 1996)). The rule against sham affidavits "is to be used with 'great caution.'" *U.S. v. Funds in the Amount of $271,080*, 816 F.3d 903, 907 (7th Cir. 2016) (quoting *Bank of Illinois*, 75 F.3d at 1169).

---

[4]Ms. Jones also makes this statement in her Memorandum that Mr. Jones owned the money through SEI. There is no contention in the summary judgment briefing that Ms. Jones earned the money.

The Government argues that, under the rule against sham affidavits, Mr. Jones's statement in his memorandum, verified in his affidavit, that the defendant money was legitimately earned through SEI must be disregarded. The Government asserts that this statement is contradicted by Mr. Jones's tax returns, which were signed under penalties of perjury, that show no income from SEI in 2006 to 2008 and 2010 to 2011. The Government was unable to produce the actual Form 1040 return for the year 2009 as evidence, so there is no document in evidence signed under penalty of perjury for Mr. Jones's 2009 earnings. SEI was incorporated in 2010. Thus, for the years in which SEI was in existence, Mr. Jones has signed statements under penalties of perjury that he had no income from SEI.

In *U.S. v. Funds in Amount of Thirty Thousand Six Hundred Seventy Dollars*, the Seventh Circuit Court of Appeals discussed application of the sham affidavit rule to tax papers signed under penalty of perjury. 403 F.3d at 466. In that case, also a civil asset forfeiture case, the claimant tried to create a triable issue of fact regarding the source of the seized property by admitting that he failed to account for purported savings in his bankruptcy filing and for gambling earnings in his tax returns. The Seventh Circuit Court of Appeals opined that, even if the claimant's admissions had been in an affidavit, the claimant would not prevail because the sham affidavit principle would apply, even though the prior statements were made in tax returns and bankruptcy filings signed under penalty of perjury and not sworn testimony given in the course of litigation.

Accordingly, under the sham affidavit rule, Mr. Jones's statement that the defendant currency and funds were legitimately earned through SEI cannot be used to create a genuine issue of material fact. In Claimants' documents filed in support of their summary judgment motions or in opposition to the Government's summary judgment motion, Claimants have provided no evidence of other

15

sources of legitimate income and no other specific facts to support Mr. Jones's statement in his supplement that the defendant property is not the proceeds of illegal activity. Thus, under the self-serving affidavit rule, the statement that the defendant property is not the proceeds of illegal activity is not supported by facts and therefore cannot defeat summary judgment.

The Government has presented sufficient evidence to meet its burden of proof that the currency and bank account funds are forfeitable pursuant to 21 U.S.C. 881(a)(6). Claimants have not presented evidence that is in conflict with this evidence or that creates a factual issue that must be resolved. The totality of the circumstances in this case, including Mr. Jones's criminal conviction, his statement to an FBI confidential source regarding his long history as a cocaine seller, the criminal court's finding that the bank account funds were related to drug activity, the large disparity between Mr. Jones's reported income and the amount of money seized, no evidence of SEI reporting any earnings or Mr. Jones reporting any income from SEI, and Claimants' failure to present evidence of a legitimate source for the money seized do not permit a reasonable finder of fact to find for Claimants. There is no genuine issue of material fact, and the Government is entitled to judgment as a matter of law as to the defendant bank account funds and $6,059 in U.S. currency.

### D. Other Matters

Mr. Jones, in his supplement to his Motion for Summary Judgment, raises additional faults he finds with the instant litigation.

Mr. Jones states that he received no discovery from Stanley Campbell regarding the forfeiture. Mr. Campbell represented Mr. Jones for a time during Jones's criminal case. Discovery closed in the instant case on May 1, 2016. There is no record of Mr. Jones sending a discovery

request to Mr. Campbell,[5] and no motion to compel discovery from Mr. Campbell has been filed. This asserted issue provides no grounds upon which to grant summary judgment or any other form of relief to Mr. Jones.

Mr. Jones also states that he was never provided an attorney to represent him. There is no constitutional right to appointed counsel in civil litigation. *Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir. 1982). Shortly before Mr. Jones's attorney, Thomas O'Malley, moved to withdraw his appearance in this litigation, he sent a letter to Mr. Jones advising Jones that appointment of counsel in the criminal case would not include appointment of counsel in this civil case. O'Malley strongly encouraged Jones to obtain attorney services for this litigation. Mr. Jones filed no motion to appoint counsel in this litigation. Mr. Jones is entitled to no relief on this basis.

Mr. Jones also asserts that seizure of the defendant property is in contravention of *Luis v. United States*, 136 S.Ct. 1083 (2016). However, *Luis* dealt with the pretrial restraint of untainted assets, not assets tainted by criminal activity, as is the case here. Therefore, the holding of *Luis* does not mandate the release of the defendant property.

## CONCLUSION

Based on the foregoing, the Court hereby **DISMISSES** Defendants $353,443.00 in U.S. Currency and $315,221.00 in U.S. Currency, **DENIES** Defendant Jones Motion to Dismiss or Strike, and for Summary Judgment [DE 49] and Defendant Jones Motion to Dismiss or Strike, and for Summary Judgment [DE 53], and **GRANTS** the Motion for Summary Judgment [DE 59]. The Court **DIRECTS** the Clerk of Court to enter judgment in favor of the Government.

---

[5]As the Court informed the parties on November 4, 2015, all discovery in this matter must be filed with the Court pursuant to Northern District of Indiana Local Rule 26-2.

The Court **ORDERS** that Defendants $6,059.00 in U.S. Currency, $184,766.60 in funds seized from account # *****7281 at Wells Fargo Bank, N.A., $25,432.58 in funds seized from account # *****6328 at Wells Fargo Bank, N.A., $9,652.51 in funds seized from account # *****8048 at Wells Fargo Bank, N.A., $1,696.16 in funds seized from account # *****8762 at Wells Fargo Bank, N.A., and 2008 CADILLAC ESCALADE VIN # 1GYFK66848R211062 are hereby **FORFEITED** to the United States of America and that no other person shall have any right, title, or interest thereto.

SO ORDERED this 22nd day of December, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:    Claimant Shaft Jones, pro se
       Claimant Latonia Jones, pro se